ENDICOTT JOHNSON CORPORATION, RESPONDENT, v. SAMUEL BINDER, APPELLANT.

Submitted November 7, 1924—Decided January 19, 1925.

1. Defendant entered into a written contract of guaranty with the plaintiff, whereby he guaranteed the payment of bills incurred by his brother to a certain amount. Upon suit to enforce the guaranty it was contended that the fact that the plaintiff extended credit for a greater sum than that limited in the guaranty, barred recovery. *Held*, that inasmuch as all that is sought to be recovered was the amount of the guaranty, the extending of an additional credit was at the risk of the plaintiff, and did not act as a bar to recovery.

2. Where the answer admits the delivery of a written contract to the plaintiff, and it does not appear on the record the plaintiff has returned it, it must be presumed that the contract was retained by the plaintiff for the purpose of accepting it.

On appeal from the Supreme Court.

For the respondent, *John S. Applegate & Son.*

For the appellant, *Stamler, Stamler & Koestler.*

The opinion of the court was delivered by

MINTURN, J. The defendant, interested, apparently, in the successful career of his brother, Julius, as a merchant, at Red Bank, entered into a valid written contract of guaranty with the plaintiff, whereby he guaranteed the payment

of the bills to be incurred by his brother, to the extent of $500. The plaintiff thereafter sold Julius goods to an amount in value over the limitation contained in the contract of guaranty. Julius eventually was declared a bankrupt, owing, at the time, to the plaintiff an amount in excess of the guaranty, upon which the receiver made a payment, reducing the actual indebtedness of Julius to the plaintiff to the sum of $493, to recover which indebtedness plaintiff brought suit in the Middlesex Circuit, where a verdict for the amount claimed was directed by the learned trial court.

It is contended, on this appeal, that the plaintiff violated the terms of the guaranty by extending credit to Julius for a greater sum than $500. If plaintiff did so, the risk was its alone, and the defendant cannot complain, for no attempt is made to hold him liable for more than is nominated in the guaranty. The case of *Bloomington Mining Co.* v. *Searles,* 63 *N. J. L.* 47, cited by appellant, bears no analogy, in fact, to the case at bar, in this respect, and, therefore, is not applicable.

The defendant also contends that there was no acceptance of the guaranty by the plaintiff. In that contention he is unmindful of the concession contained in his answer, which admits the execution of the contract, for a valuable consideration, and the delivery of the contract to the plaintiff. He contends also that the plaintiff, in filing its claim in bankruptcy, declared that it had no security for the amount due, to wit, $574.86. Perhaps it overlooked this guaranty, or perhaps it did not place the instrument in the legal category of a security. In any event the guaranty must be viewed as the collateral promise of a third party to pay a certain sum in the event of the failure of the principal to pay such amount.

It is also to be observed that the collateral was not sufficiently comprehensive in amount to cover the claim in bankruptcy. The defendant makes that fact clear in his effort to avoid his liability upon the guaranty, wherein he claims that the extension of the credit to Julius, beyond the sum specified in the guaranty, rendered the instrument null and void.

That issue, however, was determined against him upon the trial of this case.

It is contended, finally, that the learned trial court excluded legal evidence, tending to show non-delivery of the contract of guaranty, and acceptance thereof by the plaintiff. But here, again, the defendant is met by the liberal concession contained in his answer, wherein he admits that the contract had been delivered to the plaintiff, and since it nowhere appears upon the record that the plaintiff returned the instrument, it must be assumed that it was duly accepted, and that the plaintiff retained the contract for the purpose of accepting it. The fact that it was offered in evidence by the plaintiff, without objection, presents some evidence that the instrument was not only retained, but also that it was treasured by the plaintiff as the probable basis for this action. Perceiving no other questions of moment, in the record, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 15.

*For reversal*—None.